NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 15-2901

---

UNITED STATES OF AMERICA

v.

DAVID NICOLL

* MELISSA SINGH,
Appellant

*(Pursuant to Rule 12(a), Fed. R. App. P.)

---

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-13-cr-00385-001)
District Judge: Honorable Stanley R. Chesler

---

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2017

Before: AMBRO, KRAUSE, Circuit Judges, and CONTI[♦], District Judge

(Opinion filed: September 28, 2017)

---

[♦] Honorable Chief Judge Joy Flowers Conti, District Court Judge for the Western District of Pennsylvania, sitting by designation.

OPINION[*]

AMBRO, Circuit Judge

David Nicoll purchased a blood testing laboratory that became the center of a bribery and kickback scheme by which he would pay bribes to physicians to induce them to refer their patients' blood samples to his laboratory. He pled guilty to the charges against him and, as part of the plea agreement, agreed to forfeit all of his rights, title, and interest in property listed in the agreement. One item of real property on that list was a Manhattan condominium worth approximately $700,000 that was purchased by Appellant Melissa Singh. She had a romantic relationship with Nicoll, and he gave her the necessary funds using the laboratory's company account (that is, it was purchased with illegal kickbacks he received while running his criminal enterprise). Singh holds title to the property and has been in exclusive possession of it.

The District Court entered a First Preliminary Order of Forfeiture that included the condominium. Singh filed a third-party petition claiming an interest in the property but the Court dismissed it. It determined that Singh had purchased the unit with money furnished by Nicoll from the proceeds of his criminal activity and thus it was properly forfeited. It also found that, because Singh purchased the condominium with money given to her as a gift, she was not a *bona fide* purchaser of the unit and could not claim a

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

third-party interest in it under the criminal forfeiture statute, 21 U.S.C. § 853. Singh appeals.

In criminal forfeiture proceedings, the Government must establish "the requisite nexus between the [forfeited] property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A). A court will then make a preliminary forfeitability determination "based on evidence already in the record, *id.* at 32.2(b)(1)(B), and which is made without regard to any third party's interest in the property," *id.* at 32.2(b)(2)(A). By statute, a third party cannot challenge an order of preliminary forfeiture in criminal proceedings over property forfeited to the Government as a result of a criminal conviction. 21 U.S.C. § 853(k). Instead, a third party claiming an interest in forfeited property may file an ancillary proceeding in which he or she demonstrates that interest. *Id.* § 853(n). Only if the third party has established it has a vested right in the property superior to that of the defendant, or it is a *bona fide* purchaser of the property, will the court amend the preliminary forfeiture order. *United States v. Lavin*, 942 F.2d 177, 185 (3d Cir. 1991) (citing 21 U.S.C. § 853(n)(6)(A) and (B)).

Singh asserts that the District Court erred in permitting the Government to demonstrate the requisite nexus after the property was listed in the preliminary forfeiture order. She claims the Government must make that demonstration prior to the property's entry in the order, and thus the District Court erred, affecting her rights in the proceeding. She is incorrect. We need not address whether the District Court committed procedural error afoul of Rule 32.2 because, even if it did, that error is irrelevant to Singh's claimed third-party interest.

Rule 32.2 creates a bifurcated forfeiture procedure for all interested parties. At the first stage, only the Government and defendant are involved—the court makes a preliminary forfeiture determination "without regard to any third party's interest," which can only be considered later after the preliminary order is issued. Fed. R. Crim. P. 32.2(b)(2)(A). At this stage, the "requisite nexus" analysis affects only the rights of the defendant. That is, the Rule's purpose is to require that the Government demonstrate why forfeiture of the defendant's property is appropriate to ensure that it does not wrongly seize property unrelated to a defendant's criminal activity. It is a procedural safeguard to protect the defendant. *See Libretti v. United States*, 516 U.S. 29, 41 (1995) (Rules regarding criminal forfeiture generally "attach heightened procedural protections to imposition of criminal forfeiture as punishment for certain types of criminal conduct."). Third parties are immaterial to the requisite nexus analysis. Indeed, they are expressly barred from intervening in it. 21 U.S.C. § 853(k).

The second stage of the forfeiture proceedings allows third parties to file ancillary proceedings and establish their superseding or *bona fide*-purchaser interests in the forfeited property. Fed. R. Crim. P. 32.2(c). But this does not provide the opportunity to re-litigate matters pertinent to the prior stage of the proceedings from which that third party was statutorily excluded. That is what Singh attempts to do here. Whether the District Court followed the exact steps outlined in Rule 32.2(b) is of no import to her. Per the Rule and the forfeiture statute, any error would implicate Nicoll's property rights,

not Singh's.[1] The only relevant question on appeal as it pertains to Singh is whether the District Court correctly determined that she did not possess a superior property interest or was not a *bona fide* purchaser of the condominium (and thus whether she had a third-party interest in the property for the purpose of forfeiture).

Turning to that question, the District Court concluded that Singh had no superior property right "at the time of the commission of the acts which gave rise to the forfeiture of the property," as required by 21 U.S.C. § 853(n)(6)(A). It is undisputed that she purchased the condominium during the commission of Nicoll's criminal scheme. The Court also determined that, because Singh admitted that the condominium was obtained with money given to her by Nicoll as a gift, she was not a *bona fide* purchaser of it as alternatively required by 21 U.S.C. § 853(n)(6)(B). *See United States v. Kennedy*, 201 F.3d 1324, 1335 (11th Cir. 2000). Singh does not contest these findings. Under the forfeiture statute she has no third-party interest in the property that warrants its excision from the stipulated list of property in the forfeiture order.

Accordingly, we affirm.

[1] Furthermore, the District Court eventually determined that the Government met its burden in demonstrating the requisite nexus between the condominium and proceeds from Nicoll's criminal activity before entering the final forfeiture order. To the extent there was any procedural error in making this determination, that is Nicoll's appeal to take (as it implicates only his rights), and he does not pursue such an appeal.